ALWORTH-WASHBURN COMPANY, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 45651. Promulgated January 12, 1932.

*Frank W. Wilson, C.P.A.*, and *A. C. Washburn, Esq.*, for the petitioner.

*A. H. Fast, Esq.*, for the respondent.

OPINION.

LANSDON: The respondent has asserted a deficiency in income tax for the year 1927 in the amount of $19,005.60. The petitioner is a Minnesota corporation with principal office at Duluth. It was organized in 1907, for the purpose of acquiring and selling for profit timber lands in the State of Oregon. In 1926 it sold to the Brooks-Scanlon Lumber Company, a corporation, some 12,440 acres, "more or less" of timber lands, for the contract price of $590,900, payable $100,000 in cash at the time of sale and the balance in five equal annual installments of $98,180, payable successively on May 1 of each year thereafter following. These installments were evidenced by five groups of promissory notes drawing 6 per cent interest, and executed in the name of the purchasing corporation in favor of the petitioner. Later, the gross price was adjusted by the parties to $588,838, and the 1926 payments to $121,118.02. This reduced the May 1, 1927, payment to $75,000, but left the remaining four installments as hereinabove stated. In its income-tax return for 1926 the petitioner elected to report the taxable profit realized from the sale of these lands upon the installment basis, and reported $121,-118.02 as cash received upon such purchase price in that year. This return was accepted by the Commissioner of Internal Revenue and tax liability settled in conformity therewith.

On May 1, 1927, the petitioner collected $75,000 on the notes then due. On December 6, following, it discounted the remainder of the installment notes by blank indorsement to the First National Bank of Minneapolis and received $403,882.97 in cash therefor. This amount, less a small portion retained for expenses and tax liabilities, was immediately distributed to petitioner's stockholders and credited in its books as "advances to stockholders." In its income-tax return for 1927 the petitioner reported the single installment of $75,000 as the only cash received from the sale of its lands in that year and de-

ferred reporting the price received for the remainder of the installment notes to their respective maturity years. As the notes became due they were paid by the Brooks-Scanlon Lumber Company, maker.

The respondent has held that the installment sale of the petitioner's lands became a closed transaction on December 6, 1927, when it discounted the notes received in payment to the Minneapolis bank, and that in virtue thereof its entire gain was then realized and taxable. The petitioner concedes the respondent's computation of gain, but contends that for income-tax purposes it should be spread over the years in which the installment notes became due; that in virtue of its indorsement of the notes, it incurred a continuing liability to the bank which ratably deferred its realization of gain until that liability was finally extinguished by their payment. The petitioner contends that such a situation makes its relationship with the bank that of a borrower and the proceeds received a loan which was discharged ratably in the subsequent years of their payment, and that it is entitled to continue reporting its income from sale of its timber land on the installment sale basis.

The issue and material facts here are on all fours with those considered by us in *Grace T. Mytinger*, 4 B. T. A. 896, and *Packard Cleveland Motor Co.*, 14 B. T. A. 118, in each of which we held contrary to the contentions of the petitioner. In our opinion such decisions are controlling here. Cf. *Lucius H. Elmer*, 22 B. T. A. 224. The facts in the instant proceeding, however, are even more strongly against the theory advanced by the petitioner than in the cases cited, since its own evidence discloses that the parties concerned treated the discounting of the notes as a sale and not a loan. In this connection we need only to refer to the minutes of the directors' meeting where the transaction was discussed and the " sale " ratified, and to the fact that the proceeds received from the bank were immediately distributed to the stockholders. The testimony of an official of the discounting bank negatives any theory or understanding that the amount paid for these notes was treated as a loan to petitioner. He admitted, under cross-examination, that at no time was there an existing debt or obligation which the petitioner could " pay off " and get these notes back; that (quoting his exact words) " We were under no obligation to return the notes to them and accept money before maturity * * *. They are our notes if we discounted them." The petitioner's attempts to show through bookkeeping entries a contrary intent does not change the true character of the transaction considered. Bookeeping entries can not prevail over facts. *Doyle v. Mitchell Bros. Co.*, 247 U. S. 179; *Chicago, Rock Island & Pacific Railway Co.*, 13 B. T. A. 988; *Kansas City Southern Railway Co.*, 16 B. T. A. 665; *Terminal Railroad Association of St. Louis*, 17 B. T. A. 1135. *Decision will be entered for the respondent.*